## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MONICA JUNG, | |
| Plaintiff, | |
| | Case No. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, ALLY FINANCIAL INC., RANDOLPH-BROOKS FEDERAL CREDIT UNION, RISE CREDIT, and FAIR COLLECTIONS & OUTSOURCING, INC., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MONICA JUNG (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), ALLY FINANCIAL INC. (hereinafter "Ally"), RANDOLPH-BROOKS FEDERAL CREDIT UNION (hereinafter "Randolph"), RISE CREDIT (hereinafter "RISE"), and FAIR COLLECTIONS & OUTSOURCING, INC. (hereinafter "Fair") (hereinafter collectively "Defendants"),

1

and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Fairfax County in the Commonwealth of Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.   Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

20.   Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.   Ally furnished information about Plaintiff to the CRAs that was inaccurate.

22.   Randolph is a federal credit union headquartered at 1 IKEA-RBFCU Parkway in Live Oak, Texas 78233 that upon information and belief conducts business in the State of Georgia.

23.   Randolph is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.   Randolph furnished information about Plaintiff to the CRAs that was inaccurate.

25.     RISE is a corporation headquartered at 4150 International Plaza, Suite 300 in Fort Worth, Texas 76109 that upon information and belief conducts business in the State of Georgia.

26.     RISE is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     RISE furnished information about Plaintiff to the CRAs that was inaccurate.

28.     Fair is a corporation with its principal place of business in the State of Maryland and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

29.     Fair is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

30.     Fair furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

32.     Plaintiff has been a victim of identity theft for several years.

33.    Plaintiff has been contacting furnishers directly for several years to dispute erroneous accounts.

34.    On or about January 22, 2024, Plaintiff obtained copies of her credit reports from Equifax and Trans Union. Plaintiff attempted to obtain a copy of her Experian credit report but received a message that her credit report was not available. Upon review, Plaintiff observed personal identifying information which was inaccurate and did not belong to her. Further, Plaintiff became aware of fifteen (15) accounts appearing on her credit file which did not belong to her:

| Furnisher | CRA | Account | Type | Status |
|---|---|---|---|---|
| Comenity Bank/NY & Co. | Equifax | x6079 | Charge Account | Closed/Pays as Agreed |
| Comenity Bank/A&F | Equifax | x9803 | Charge Account | Closed/Pays as Agreed |
| Synchrony Bank/American Eagle | Equifax | x1235 | Charge Account | Closed/Pays as Agreed |
| Synchrony Bank/Kirklands | Equifax | x2116 | Charge Account | Closed/Pays as Agreed |
| Synchrony Bank/Gap | Equifax | x0996 | Charge Account | Closed/Pays as Agreed |
| Ally | Equifax Trans Union | x0497 | Auto Loan | Charge-Off $4,603 |
| Randolph | Equifax Trans Union | x9900 | Secured Loan | Closed/Pays as Agreed |
| Randolph | Equifax Trans Union | x0975 | Secured Loan | Closed/Pays as Agreed |
| Randolph | Equifax Trans Union | x1368 | Secured Loan | Closed/Pays as Agreed |

| Fair | Equifax Trans Union | x32 | Collection | On behalf of Evans Ranch Balance $491 |
|---|---|---|---|---|
| RISE | Trans Union | 2113** | | Closed/Charge-Off $1,883 |
| RISE | Trans Union | 1771** | | Closed due to refinanced |
| RISE | Trans Union | 839** | | Closed due to refinanced |
| Business & Professional | Trans Union | 191260498 00100**** | Collection | On behalf of Pathology Reference Lab Balance $1000 |
| P&B Capital Group LLC | Trans Union | 57120** | Collection | On behalf of Defender Balance $1,351 |

35.     In response to the inaccurate reporting, on or about February 12, 2024, Plaintiff mailed detailed written dispute letters to the CRAs. In the dispute letter, Plaintiff explained there was inaccurate personal identifying information in her credit file. Further, Plaintiff advised that she believed she was a victim of identity theft due to the numerous aforementioned erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting, images of her filed Federal Trade Commission ("FTC") Identity Theft Report, number 135218302, and other supporting documents.

36.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1551 6424 63), Experian (9589 0710 1551 6424 87), and Trans Union (9589 0710 5270 1551 6424 70).

37.     On or about February 25, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating it could not verify her information and requested two forms of identification despite Plaintiff having already provided a copy of her driver's license and Social Security card.

38.     Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
| --- | --- | --- |
| Comenity Bank/NY & Co. | x6079 | Consumer disputes – reinvestigation in progress |
| Comenity Bank/A&F | x9803 | Consumer disputes – reinvestigation in progress |
| Synchrony Bank/American Eagle | x1235 | Not reported |
| Synchrony Bank/Kirklands | x2116 | Not reported |
| Synchrony Bank/Gap | x0996 | Not reported |
| Ally | x0497 | Consumer disputes after resolution |
| Randolph | x9900 | Consumer disputes – reinvestigation in progress |
| Randolph | x0975 | Consumer disputes – reinvestigation in progress |
| Randolph | x1368 | Consumer disputes – reinvestigation in progress |
| Fair | x32 | Consumer disputes this account information |

39.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.    Upon information and belief, Equifax notified Randolph of Plaintiff's dispute. However, Randolph failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

43.    Upon information and belief, Equifax notified Fair of Plaintiff's dispute. However, Fair failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

44.    On or about March 14, 2024, Plaintiff received dispute results from Trans Union which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Ally | x0497 | Verified as accurate |
| Randolph | x9900 | Verified as accurate |
| Randolph | x0975 | Verified as accurate |
| Randolph | x1368 | Verified as accurate |
| Fair | x32 | Verified as accurate |

| RISE | 2113** | Deleted |
|------|--------|---------|
| RISE | 1771** | Verified as accurate |
| RISE | 839** | Verified as accurate |
| Business & Professional | 19126049800100**** | Verified as accurate |
| P&B Capital Group LLC | 57120** | Deleted |

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

46.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.     Upon information and belief, Trans Union notified Randolph of Plaintiff's dispute. However, Randolph failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

49.     Upon information and belief, Trans Union notified RISE of Plaintiff's dispute. However, RISE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     Upon information and belief, Trans Union notified Fair of Plaintiff's dispute. However, Fair failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.     Plaintiff did not receive dispute results in the mail from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
| --- | --- | --- |
| Comenity Bank/NY & Co. | x6079 | This item remained unchanged from our processing of your dispute in March 2024 |
| Comenity Bank/A&F | x9803 | This item remained unchanged from our processing of your dispute in March 2024 |
| Ally | x0497 | This item remained unchanged from our processing of your dispute in March 2024 |
| Fair | x32 | Account info disputed by consumer (meets FCRA) |
| Randolph | x9900 | This item remained unchanged from our processing of your dispute in March 2024 |
| Randolph | x0975 | This item remained unchanged from our processing of your dispute in March 2024 |
| Randolph | x1368 | This item remained unchanged from our processing of your dispute in March 2024 |

52.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

53.     Experian never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.     Upon information and belief, Experian notified Fair of Plaintiff's dispute. However, Fair failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     Upon information and belief, Experian notified Randolph of Plaintiff's dispute. However, Randolph failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.     On or about March 7, 2024, Plaintiff filed an FTC Identity Theft Report, report number 168480138. In this Report, she explained that she is a victim of identity theft and that there were erroneous accounts listed in her credit report which did not belong to her.

58.     While reviewing her credit file following her dispute letters, Plaintiff observed another account in her credit file which did not belong to her: American Honda Finance, partial account number ending in x3411, with a status of closed.

59.     In response to the continued inaccurate reporting, on or about April 3, 2024, Plaintiff again mailed detailed written dispute letters to the CRAs. In the dispute letter, Plaintiff explained there was inaccurate personal identifying information in her credit file. Further, Plaintiff reiterated that she believed she was a victim of identity theft due to the numerous aforementioned erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting, images of her filed Federal Trade Commission ("FTC") Identity Theft Report, and other supporting documents.

60.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0280 2484 03), Experian (9589 0710 5270 0280 2484 73), and Trans Union (9589 0710 5270 0280 2484 80).

61.     On or about April 10, 2024, Plaintiff received dispute results from Trans Union which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
| --- | --- | --- |
| Ally | x0497 | Deleted |
| Randolph | x9900 | Deleted |
| Randolph | x0975 | Deleted |
| Randolph | x1368 | Deleted |
| Fair | x32 | Deleted |
| RISE | 1771** | Deleted |
| RISE | 839** | Deleted |
| Business & Professional | 19126049800100**** | Deleted |

14

| American Honda Finance | x3411 | No Response |
|---|---|---|

62.    Despite confirmation of delivery on April 7, 2024, as of the filing of this Complaint, Plaintiff has not received dispute results in the mail from Equifax.

63.    As of the filing of this Complaint, Plaintiff has not received dispute results in the mail from Experian.

64.    Despite providing Equifax and Experian with all the relevant information needed to prove she was a victim of identity theft, Equifax and Experian continued to report inaccurate and erroneous accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

65.    Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnishers.

66.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

67.    As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.  Loss of the ability to benefit from lower interest rates; and

v.   Apprehensiveness to apply for new credit and housing due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

68.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

69.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.     Equifax allowed for numerous Furnishers to report inaccurate information on an account.

71.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

72.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

73.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

74.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

75.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

78.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

79.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.    Equifax allowed for numerous Furnishers to report inaccurate information on an account.

81.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

82.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

83.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

84.   Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

85.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

88.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

91.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

92.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT IV</u>
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

98.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

99.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### **COUNT V**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

102.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

103.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Experian allowed for numerous Furnishers to report inaccurate information on an account.

105.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

107.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

108.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

109.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

112.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

113.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114. Experian allowed for numerous Furnishers to report inaccurate information on an account.

115. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

117. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

118. Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

119. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

122.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

125.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to respond to Plaintiff's disputes.

126.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
**Violations of 15 U.S.C. § 1681i as to
Defendant, Experian Information Solutions, Inc. (Willful)**

129.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

131.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

132.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to respond to Plaintiff's disputes.

133.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

136.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

137.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

138.   Trans Union allowed for numerous Furnishers to report inaccurate information on an account.

139.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

140.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

141.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

142.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

143.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

145.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

146.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

147.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

148.   Trans Union allowed for numerous Furnishers to report inaccurate information on an account.

149.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

150.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

151.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

152.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

153.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Negligent)

156.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

157.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

159.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

161.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

162.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

165.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Ally Financial Inc. (Negligent)

168.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

169.   Ally furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

170.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

171.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent.

172.   Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

173.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

174.   As a direct result of this conduct, action and/or inaction of Ally, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

175.   The conduct, action, and inaction of Ally was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

176.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Ally Financial Inc. (Willful)

177.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

178.   Ally furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

179.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own

internal records to prevent the re-reporting of the representations to the consumer reporting agency.

180.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent.

181.   Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

182.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

183.   As a direct result of this conduct, action and/or inaction of Ally, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

184. The conduct, action, and inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

185. Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Randolph-Brooks Federal Credit Union (Negligent)

186. Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

187. Randolph furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

188. After receiving Plaintiff's disputes, Randolph violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

189.   Plaintiff provided all the relevant information and documents necessary for Randolph to have identified that the accounts were fraudulent.

190.   Randolph did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Randolph by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

191.   Randolph violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

192.   As a direct result of this conduct, action and/or inaction of Randolph, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

193.   The conduct, action, and inaction of Randolph was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

194.   Plaintiff is entitled to recover costs and attorney's fees from Randolph in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, RANDOLPH-BROOKS FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Randolph-Brooks Federal Credit Union (Willful)

195.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

196.   Randolph furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

197.   After receiving Plaintiff's disputes, Randolph violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

198.   Plaintiff provided all the relevant information and documents necessary for Randolph to have identified that the accounts were fraudulent.

199.   Randolph did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Randolph by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

200.   Randolph violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

201.   As a direct result of this conduct, action and/or inaction of Randolph, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

202.   The conduct, action, and inaction of Randolph was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

203.   Plaintiff is entitled to recover costs and attorney's fees from Randolph in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RANDOLPH-BROOKS FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, RISE Credit (Negligent)

204.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

205.   RISE furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

206.   After receiving Plaintiff's disputes, RISE violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

207.   Plaintiff provided all the relevant information and documents necessary for RISE to have identified that the accounts were fraudulent.

208.   RISE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to RISE by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

209.   RISE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

210.   As a direct result of this conduct, action and/or inaction of RISE, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

211.   The conduct, action, and inaction of RISE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

212.   Plaintiff is entitled to recover costs and attorney's fees from RISE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, RISE CREDIT, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, RISE Credit (Willful)**

213.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

214.   RISE furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

215.   After receiving Plaintiff's disputes, RISE violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

216.   Plaintiff provided all the relevant information and documents necessary for RISE to have identified that the accounts were fraudulent.

217.   RISE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to RISE by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

218.   RISE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

219.   As a direct result of this conduct, action and/or inaction of RISE, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

220.   The conduct, action, and inaction of RISE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

221.   Plaintiff is entitled to recover costs and attorney's fees from RISE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RISE CREDIT, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIX**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Fair Collections & Outsourcing, Inc. (Negligent)**

222.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

223.    Fair furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

224.    After receiving Plaintiff's disputes, Fair violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

225.    Plaintiff provided all the relevant information and documents necessary for Fair to have identified that the account was fraudulent.

226.    Fair did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Fair by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

227.   Fair violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

228.   As a direct result of this conduct, action and/or inaction of Fair, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

229.   The conduct, action, and inaction of Fair was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

230.   Plaintiff is entitled to recover costs and attorney's fees from Fair in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual damages against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XX**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Fair Collections & Outsourcing, Inc. (Willful)**

231.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

232.   Fair furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

233.   After receiving Plaintiff's disputes, Fair violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

234.   Plaintiff provided all the relevant information and documents necessary for Fair to have identified that the account was fraudulent.

235.   Fair did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Fair by Plaintiff in connection with her disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

236. Fair violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

237. As a direct result of this conduct, action and/or inaction of Fair, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

238. The conduct, action, and inaction of Fair was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

239. Plaintiff is entitled to recover costs and attorney's fees from Fair in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC, jointly and severally; award

Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MONICA JUNG, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, ALLY FINANCIAL INC., RANDOLPH-BROOKS FEDERAL CREDIT UNION, RISE CREDIT, and FAIR COLLECTIONS & OUTSOURCING, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of April 2024.

Respectfully Submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC

412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*